IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

COLIN BENNETT, and
JENNIFER BUTTS,

    Plaintiffs,

v.                                                              Civil Action No. 3:09-CV-62
                                                                             (BAILEY)

EQUITABLE TRUST MORTGAGE
CORPORATION, et. al,

    Defendants.

## ORDER GRANTING PLAINTIFFS' RULE 12(B)(6) MOTION TO DISMISS COUNTERCLAIM

This case is presently before the Court on Plaintiffs' Rule 12(b)(6) Motion to Dismiss Counterclaim [Doc. 31], filed on November 24, 2009. Defendant Equitable Trust Mortgage Corporation ("Equitable Trust") responded on January 4, 2010, and Plaintiffs replied on January 20, 2010. The Court has reviewed the record and the arguments of parties and, for the reasons set out below, concludes that Plaintiffs' 12(b)(6) Motion to Dismiss Counterclaim [Doc. 31] should be **GRANTED**.

## BACKGROUND

On August 20, 2009, plaintiff commenced this action relating to a mortgage secured by plaintiffs' home in the Circuit Court of Jefferson County, West Virginia. [Doc. 1-1]. On September 17, 2009, the defendants removed the current action from the Circuit Court of Jefferson County to the Northern District of West Virginia. [Doc. 1]. On October 14, 2009, this Court granted Plaintiffs' Motion to Amend the Complaint. [Doc. 10]. The next day,

1

Plaintiffs filed their Amended Complaint [Doc. 11], containing several claims arising from the Defendants' alleged practice of "predatory lending."  On November 4, 2009, Equitable Trust, the originating lender, filed its Answer [Doc. 23], which included a Counterclaim for abuse of process.  In support of its Counterclaim, Equitable Trust asserts that Plaintiffs' purpose for instituting the above-styled action against it was to "forestall foreclosure under the Deed of Trust referenced in their Complaint."  ([Doc. 23] at 22, ¶ 7).

On November 24, 2009, Plaintiffs filed the instant motion, arguing that Equitable Trust's Counterclaim for abuse of process should be dismissed for failure to state a claim upon which relief can be granted.  Specifically, even assuming Equitable Trust's allegations are true, Plaintiffs argue the abuse of process claim fails as a matter of law.  In so arguing, Plaintiffs emphasize that an abuse of process counterclaim must contain an allegation that Plaintiffs willfully abused the process *after* filing their lawsuit.  Thus, Plaintiffs claim Equitable Trust's Counterclaim is legally deficient because it alleges only that Plaintiffs abused the process simply *by* filing their lawsuit.

On January 4, 2010, Equitable Trust filed its Response [Doc. 45], arguing that "[Equitable Trust] has, contrary to the Plaintiffs' assertions, alleged a continuing abuse by the Plaintiffs of process in [its] incurrence of attorneys' fees and expenses . . .." ([Doc. 45] at 6).  In the alternative, Equitable Trust claims it has the right to amend its Counterclaim rather than face a dismissal and requests leave to so amend if this Court determines the Counterclaim, as currently pled, fails to state a claim upon which relief may be granted. (Id.).

Finally, on January 20, 2010, Plaintiffs filed their Reply [Doc. 58], reasserting that an abuse of process claim provides redress only for actions taken *after* filing a lawsuit and

2

arguing that no case law exists for the proposition that Equitable Trust's ongoing incurrence of attorneys' fees and expenses amounts to abuse of process. ([Doc. 58] at 4-5). With regard to Equitable Trust's alternative request for leave to amend its Counterclaim, Plaintiffs argue that Equitable Trust has shown no reason that an amendment would be anything but futile. (Id. at 5-6).

## DISCUSSION

### I. 12(b)(6) Motion to Dismiss Standard

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint (here, a counterclaim) as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). "[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." ***Johnson v. Mueller***, 415 F.2d 354 (4th Cir. 1969).

"A [pleading] need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." ***Id.*** (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

3

[pleading] suffice if it tenders naked assertions devoid of further factual enhancements."
*Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (May 18, 2009)(internal quotations and citations omitted).

II. <u>**Analysis**</u>

    A. **Abuse of Process**

Plaintiffs claim the allegations in the Counterclaim show that no set of facts would support Equitable Trust's abuse of process claim, and thus, that dismissal is appropriate. This Court agrees.

"Generally, abuse of process consists of the willful or malicious misuse or misapplication of *lawfully issued* process to accomplish some purpose not intended or warranted by that process." Syl. Pt. 3, **Williamson v. Harden**, 214 W.Va. 77, 585 S.E.2d 369 (2003) (quoting **Preiser v. MacQueen**, 177 W.Va. 273, 279, 352 S.E.2d 22, 28 (1985); **Wayne County Bank v. Hodges**, 175 W.Va. 723, 338 S.E.2d (1985)) (emphasis added).

In contrasting abuse of process from malicious prosecution, the **Preiser** court added that:

> Abuse of process differs from malicious prosecution in that the gist of the tort is <u>not commencing an action or causing process to issue without justification</u>, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, *once it is issued*, is the only thing of importance. Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause.
>
> . . .
>
> The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, willful act in the use

4

> of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and *there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions*. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as the threat or club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, *rather than the issuance or any formal use of the process itself*, which constitutes the tort.

**Preiser**, 352 S.E.2d at 28, n.8 (quoting W. Prosser, **Handbook of the Law of Torts** § 121 (1971)) (emphasis added).

Even assuming Equitable Trust has sufficiently alleged an ulterior purpose, i.e., forestallment of foreclosure, Plaintiffs argue the Counterclaim fails because Equitable Trust has not alleged that Plaintiffs abused process after the filing of their Complaint. In support of this argument, Plaintiffs cite three federal court opinions decided in West Virginia, including **Southern States Cooperative, Inc. v. I.S.P. Co., Inc.** 198 F.Supp.2d 807 (N.D. W.Va. 2002).

In **Southern States**, the Honorable Judge Irene M. Keeley dismissed an abuse of process counterclaim because it alleged only that process was issued, not that the plaintiff "willfully abused the process *after* its issuance." 198 F.Supp. 2d at 816. In addition, the defendants' claim that they had to pay attorney fees and other expenses associated with the litigation failed to prevent dismissal. **Id.**

Similarly, Equitable Trust has failed to allege that Plaintiffs willfully abused the process *after* the filing of their Complaint, and Equitable Trust's claim of expense will not prevent dismissal. Thus, because Equitable Trust has failed to allege an abuse of process

5

claim upon which relief can be granted, this Court **GRANTS** Plaintiff's 12(b)(6) Motion to Dismiss Counterclaim.

B.  **Leave to Amend**

Plaintiffs claim Equitable Trust has failed to show that justice requires this Court to grant it leave to filed an Amended Counterclaim. This Court agrees.

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that unless by matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, although Rule 15(a)(2) states that "[t]he court should freely give leave [to amend the pleading] when justice so requires," a district court may deny a request to amend if, *inter alia*, the amendment would be futile. See **Marsh v. W.R. Grace & Co.**, 80 Fed.Appx. 883, 888 (4th Cir. 2003).

Upon consideration of the record and the arguments in support of the request, this Court cannot find that justice requires granting Equitable Trust's leave to file an Amended Counterclaim. Equitable Trust has failed to present any argument that would lead this Court to believe that any amendment would not be futile.[1] Accordingly, Equitable Trust's request for leave to filed an Amended Counterclaim is **DENIED**.

---

[1] In addition, several appellate courts have found that the failure to provide a draft amended pleading is an adequate basis on which a district court could deny a request for leave to file an amended pleading. *See e.g.,* **Lake v. Arnold**, 232 F.3d 360, 374 (3d Cir. 2000); *see also* **Harris v. City of Auburn**, 27 F.3d 1284, 1287 (7th Cir. 1994) (noting that the failure to provide a proposed amended complaint demonstrates lack of diligence or bad faith). Here, Equitable Trust failed to give this Court a draft counterclaim to review. This presents another basis for denying Equitable Trust's request for leave to file an amended counterclaim.

**CONCLUSION**

For the foregoing reasons, the Court finds the Plaintiffs' Rule 12(b)(6) Motion to Dismiss Counterclaim [Doc. 31] should be, and hereby is, **GRANTED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED**: January 22, 2010

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE