IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COLIN BENNET et al.,

    Plaintiffs,

v.                                                                     Civil Action No. 3:09-cv-62

EQUITABLE TRUST MORTGAGE
CORPORATION; GMAC MORTGAGE, LLC;
EARL SWANSON "TRIPP" BLANCHFIELD, III;
RONALD K. WHITEHAIR, JR.; NATIONAL TITLE
SERVICES, INC.; AND JOHN DOE HOLDER,

    Defendants.

## MEMORANDUM, OPINION, AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS GMAC MORTGAGE, LLC AND JOHN DOE HOLDER AND DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT RONALD K. WHITEHAIR, JR.

On May 17, 2010, came the above named Plaintiffs, by Andrew Skinner and Nathan Fetty, via telephone, the above named Defendants Equitable Trust Mortgage Corporation, by Kathy Santa Barbara, via telephone, GMAC Mortgage, LLC and John Doe Holder, by John Lynch, via telephone, Earl Swanson Blanchfield, III, by Stephen Thompson, via telephone, and Ronald K. Whitehair, Jr., by Albert Dunn, via telephone, for an evidentiary hearing and argument on Plaintiffs' Motion to Compel Discovery from Defendants GMAC Mortgage, LLC and John Doe Holder[1] and Plaintiffs' Motion to Compel Discovery from Defendant Ronald K. Whitehair, Jr.[2] Testimony was not taken, and no other evidence was introduced.

## I. INTRODUCTION

---

[1] Dkt. No. 74.

[2] Dkt. No. 80.

A.  Background

On August 20, 2009, Plaintiffs commenced this action relating to a mortgage secured by Plaintiffs' home in the Circuit Court of Jefferson County, West Virginia.[3] On September 17, 2009, Defendants removed the current action from the Circuit Court of Jefferson County to the Northern District of West Virginia.[4] On October 14, 2009, the District Court granted Plaintiffs' Motion to Amend the Complaint.[5] The next day, Plaintiffs filed their Amended Complaint[6] containing several claims arising from Defendants' alleged practice of "predatory lending." On November 4, 2009, Equitable Trust, the originating lender, filed its Answer,[7] which included a Counterclaim for abuse of process. In support of its Counterclaim, Equitable Trust asserts that Plaintiffs' purpose for instituting the above-styled action against it was to "forestall foreclosure under the Deed of Trust referenced in their Complaint."[8] On November 24, 2009, Plaintiffs filed a Motion to Dismiss the Counterclaim,[9] which was granted by the District Court on January 22, 2010.[10]

B.  The Motions

---

[3] Dkt. No. 1, Exh. 1.

[4] Dkt. No. 1.

[5] Dkt. No. 10.

[6] Dkt. No. 11.

[7] Dkt. No. 23.

[8] Dkt. No. 23, P. 22.

[9] Dkt. No. 31.

[10] Dkt. No. 60.

1. Plaintiffs' Motion to Compel Discovery from Defendants GMAC Mortgage, LLC and John Doe Holder.[11]

2. Plaintiffs' Motion to Compel Discovery from Defendant Ronald K. Whitehair, Jr. for Failure to Fully Respond to Plaintiffs' First Set of Discovery and Motion for Sanctions[12]

C. Decision

1. Plaintiffs' Motion to Compel Discovery from Defendants GMAC Mortgage, LLC and John Doe Holder is **GRANTED**. Pursuant to Rule 37(a)(5)(A), Plaintiffs shall submit within fourteen (14) days of this Order an affidavit of reasonable expenses in relation to the Motion to Compel. Defendants shall have fourteen (14) days to respond. Defendants shall be given an opportunity to be heard by telephone why reasonable expenses should not be awarded on July 12, 2010, at 10:00 a.m.

2. Because Plaintiffs failed to comply with the requirements of LR Civ P 37.02, Plaintiffs' Motion to Compel Discovery from Defendant Ronald K. Whitehair, Jr. is **DENIED**. Pursuant to Rule 37(a)(5)(A), Defendants shall submit within fourteen (14) days of this Order an affidavit of reasonable expenses in relation to the Motion to Compel. Plaintiffs shall have fourteen (14) days to respond. Plaintiffs shall be given an opportunity to be heard by telephone why reasonable expenses should not be awarded on July 12, 2010, at 10:00 a.m.

## II. FACTS

1. On or about November 4, 2009, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents to Defendants Equitable Trust Mortgage

---

[11] Dkt. No. 74.

[12] Dkt. No. 80.

Corporation, GMAC Mortgage, LLC, National Title Services, Inc., and John Doe Holder.[13]

2. On December 9, 2009, the parties entered a Stipulation Extending Time for Defendants GMAC Mortgage, LLC and John Doe Holder to Respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to December 21, 2009.[14]

3. On December 16, 2009, Defendants GMAC Mortgage, LLC and John Doe Holder served their Objections and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.[15]

4. On January 8, 2010, Plaintiffs served Plaintiffs' First Set of Interrogatories and Requests for Production of Documents on Defendant Ronald K. Whitehair, Jr.[16]

5. On January 20, 2010, Plaintiffs and Defendants GMAC Mortgage, LLC and John Doe Holder entered a Stipulation giving Defendants GMAC Mortgage, LLC and John Doe Holder fifteen (15) days from the date of the Stipulation to supplement or otherwise respond to Plaintiffs' written communication of January 8, 2010, itemizing the discovery deficiencies and giving Plaintiffs fifteen (15) days from the date of Defendants' response to file any discovery.[17]

6. On February 12, 2010, Defendant Whitehair served his Response to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.[18]

---

[13] Dkt. No. 22.

[14] Dkt. No. 38.

[15] Dkt. No. 41.

[16] Dkt. No. 50.

[17] Dkt. No. 57.

[18] Dkt. No. 64.

7. On February 18, 2010, Plaintiffs and Defendants GMAC Mortgage, LLC and John Doe Holder entered a Stipulation extending Plaintiffs' deadline for filing a motion to compel as to Plaintiffs' first set of discovery requests propounded upon Defendants GMAC and John Doe Holder fifteen (15) days from the date of the Stipulation.[19]

8. On February 25, 2010, Plaintiffs' counsel wrote a good faith letter to Defendant Whitehair's counsel seeking complete responses to Interrogatory Nos. 4 and 5, as well as Request for Production of Documents Nos. 6, 7, 10, 11, 13, and 14.[20]

9. On March 5, 2010, Plaintiffs filed their Motion to Compel Discovery from Defendants GMAC Mortgage, LLC and John Doe Holder.[21]

10. On March 8, 2010, Defendant Whitehair's counsel responded to Plaintiffs' counsel's February 25, 2010 letter advising that he did not agree with Plaintiffs' assessment and would not supplement the discovery.[22]

11. On March 15, 2010, Plaintiffs filed their Motion to Compel Discovery from Defendant Ronald K. Whitehair, Jr. for Failure to Fully Respond to Plaintiffs' First Set of Discovery and Motion for Sanctions.[23]

### III. PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS GMAC MORTGAGE, LLC AND JOHN DOE HOLDER

---

[19] Doc. No. 65.

[20] Dkt. No. 80, Ex. A.

[21] Dkt. No. 74.

[22] Dkt. No. 80, Ex. B.

[23] Dkt. No. 80.

A. Contentions of the Parties

Plaintiffs' Request for Production of Documents Nos. 19, 20, and 21 sought information relating to servicing guidelines and procedures for granting loans; "internal guidelines, procedures, and other documents governing the loan modification and/or forbearance process for loans serviced by Defendants during the period from the time it began servicing Plaintiffs' loan to the present;" and "any documents relevant to the loan modification and/or forbearance process for the loan that is the subject of this action during the period from the time Defendant began servicing Plaintiff's loan to the present . . . ." To each Request, Defendants objected:

> Objection. This request is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and vague to the extent it is directed towards Defendants. This request also seeks the discovery of confidential and proprietary information.[24]

In their Motion to Compel, Plaintiffs argue that they are seeking information concerning Defendant GMAC's loan servicing and loss mitigation procedures pertinent to the home mortgage loan at issue in the case and such information is discoverable considering the factual allegations and legal claims in the present action.

Defendants contend that the Requests are overly broad and unduly burdensome because Plaintiffs request general "loss mitigation" policies for all loans from 2008 to the present that have no bearing on the claim at issue in this litigation. Additionally, Defendants contend that the request for loss mitigation policies from 2008 to the present are irrelevant if the District Court grants Defendant GMAC's pending Motion to Dismiss (Dkt. No. 78).

B. Discussion

---

[24] Dkt. No. 74, Ps. 2-3.

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

"[T]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[25] To be relevant, the information sought must be "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Hickman, 329 U.S. at 501.

Parties may serve on each other requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1) (West 2010). Parties may request the following items:

> any designated documents or electronically stored information - - including writings, drawings, graphs, charts, photographs, sound recordings, and other data or data compilations - - stored in any medium from which information can be

---

[25] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Fed. R. Civ. P. 34(a)(1)(A). Requests must describe with "reasonable particularity" the item to be produced. Fed. R. Civ. P. 34(b)(1). Responses must either state the request is permitted or state an objection, stating the reasons for the objection. Fed. R. Civ. P. 34(b)(2)(B). Objections to only part of a request must indicate the part and permit inspection of the rest. Fed. R. Civ. P. 34(b)(2)(C). Objections cannot be conclusory but must contain an explanation as to why the request is objectionable. Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 530-31 (S.D.W.V. 2007) (finding that boilerplate objections to defendant's requests for production of documents, which indicated simply that requests were overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, did not comply with rule, which required specific objections).

A party may move for an order to compel discovery or disclosure from an opposing party. Fed. R. Civ. P. 37(a). Federal Rule 37(a)(1) requires that when a party files a motion to compel, he must include in his motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Furthermore, the Local Rules mandate that "[b]efore filing any discovery motion . . . counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility for the moving party to arrange for the meeting." LR Civ P 26.04(b). The failure to follow the requirement to confer, or attempt to confer, is grounds for the court to deny the motion to compel. See Ambu, Inc. v. Kohlbrat & Bunz Corp., 2000 WL 17181, at 2 (W.D.N.C. 2000) (stating "the fact that Defendants did not confer with opposing

counsel and attempt to resolve this dispute before filing the motion to compel is sufficient reason to deny the motion."); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 n. 13 (D.Md. 1997) (stating that there must "have been good faith efforts to resolve the [discovery] dispute before filing the motion [to compel]."). Motions to compel responses to interrogatories are governed by Federal Rule of Civil Procedure 37(a)(3)(B). This Rule provides that parties may move for an order compelling a response to requests for inspection submitted under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(i).

Plaintiffs complied with the good faith certification requirement; therefore, the Court may address the merits of the discovery dispute.

To each of the Request for Production of Documents at issue in this Motion to Compel, Defendants objected contending the requests were "overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and vague . . . . [and sought] the discovery of confidential and proprietary information." Such a response containing boilerplate objections is impermissible under the jurisprudence of this judicial district. Frontier-Kemper Constructors, Inc., 246 F.R.D., 530-31.

Defendants' objection that the Request seeks the discovery of confidential and proprietary information is also impermissible. Federal Rule 26(b)(5) provides that when a party withholds otherwise discoverable information claiming that the information is protected under privilege or work product doctrine, the party must expressly state that the information is protected and describe the nature of the information, without revealing the information itself, to allow other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). "The Local Rules require more specific information to be disclosed." Twigg v. Pilgrim's Pride Corp., 2007 WL 676208,

at 8 (N.D.W.Va. 2007). "Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court." LR Civ P. 26.04(a)(2)(C). The party asserting the privilege shall, in the objection, identify the nature of the privilege and identify the type of document; general subject matter of the document; date of the document; and "other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate," the author, the addressees and other known recipients, and the relationship of the author, addressees, and other recipients. LR Civ P 26.04(a)(2)(A). Because Defendants did not submit a privilege log, this objection must also fail.

Finally, Defendants argued at the hearing that the Requests are irrelevant if the District Court grants the pending Motion to Dismiss. This argument must fail. Defendants offer no authority that a pending Motion to Dismiss is grounds for finding a Request for Production to be irrelevant. Further, the Court can find no authority, nor does it believe that any authority exists. Accordingly, this argument must also fail.

Therefore, Defendants are to provide a complete response to Request for Production Nos. 19, 20, and 21 within fourteen (14) days from the date of this Order.

C.   Decision

Based on the foregoing, Plaintiffs' Motion to Compel Discovery from Defendants GMAC Mortgage, LLC and John Doe Holder is **GRANTED**.

Pursuant to Rule 37(a)(5)(A), Plaintiffs shall submit within fourteen (14) days of this Order an affidavit of reasonable expenses in relation to the Motion to Compel. Defendants shall

have fourteen (14) days to respond. Defendants shall be given an opportunity to be heard by telephone why reasonable expenses should not be awarded on July 12, 2010, at 10:00 a.m.

### III. PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT RONALD K. WHITEHAIR, JR. FOR FAILURE TO FULLY RESPOND TO PLAINTIFFS' FIRST SET OF DISCOVERY AND MOTION FOR SANCTIONS

A. Contentions of the Parties

Plaintiffs' Interrogatory Nos. 4 and 5 sought information relating to the number of appraisals performed for the broker and lender involved in Plaintiffs' home loan. Plaintiffs' Request for Production of Documents 6, 7, 10, 11, 13, and 14 sought copies of appraisals, civil and criminal complaints, complaints made to governmental agencies, federal and state income tax returns, statements of net worth, estimates or valuations of Plaintiffs' property, and communication logs. To each, Defendant objected on the basis of relevancy or privilege or both.

In their Motion to Compel, Plaintiffs argue that all of the requested information is relevant under the broad Rule 26 standard and that privilege is not a permissible response because Defendant failed to provide a privilege log.

Defendant Whitehair did not respond in writing but argued at the hearing that the information sought was not relevant and Plaintiffs did not comply with the good faith requirement because Plaintiffs' counsel only sent one letter attempting to resolve the discovery dispute.

B. Discussion

11

Local Rule of Civil Procedure 37.02 mandates that "[a] motion to compel disclosure or discovery must be accompanied by a statement setting forth: (1) Verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken."

A party's failure to comply with the mandates of the rule is grounds for denying the motion. Givens v. Criswell, 2009 WL 3712587, at 2 (N.D.W.Va. 2009) (denying *pro se* plaintiff's motion to compel for failing to include "[v]erbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken . . . ." Additionally, other courts have denied motions to compel based on noncompliance with similar rules. See Gorman v. County of Suffolk, 2009 WL 5093680, at 1 (E.D.N.Y. 2009) (denying plaintiff's motion to compel for failing to comply with local rule requiring the moving party to "specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed"); Rong Ran v. Infinite Energy, Inc., 2009 WL 5031343, at 5 (N.D.Fla. 2009) (denying to find plaintiff's response asserted a motion to compel for failing to comply with Local Rule 26.2(B), which required that the motion to compel discovery "quote verbatim each interrogatory, request for admission, or request for production to which objection is taken . . . and quote in full the opponent's specific objection").

In their Motion to Compel, Plaintiffs failed to set forth verbatim each interrogatory and request for production of documents to which Defendant failed to respond. Plaintiffs did describe the information sought, but in a summary fashion, which does not satisfy the mandates of the rule. Accordingly, Plaintiffs' Motion to Compel Discovery from Defendant Ronald K. Whitehair, Jr. must be denied.

C.     Decision

Because Plaintiffs failed to comply with the requirements of LR Civ P 37.02, Plaintiffs' Motion to Compel Discovery from Defendant Ronald K. Whitehair, Jr. is **DENIED**.

Pursuant to Rule 37(a)(5)(A), Defendants shall submit within fourteen (14) days of this Order an affidavit of reasonable expenses in relation to the Motion to Compel. Plaintiffs shall have fourteen (14) days to respond. Plaintiffs shall be given an opportunity to be heard by telephone why reasonable expenses should not be awarded on July 12, 2010, at 10:00 a.m.

Filing of objections does not stay this Order. Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED:   June 1, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE